**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROCHELLE BROOKS, f/k/a/
ROCHELLE COLEMAN, for F.B.,

      Plaintiff,

   v.           No. 5:15-CV-148
               (BKS/CFH)

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**


**APPEARANCES:**        **OF COUNSEL:**

Rochelle Brooks
231 Lilac Street
Syracuse, New York 13208
Plaintiff pro se

Social Security Administration    JOSHUA L. KERSHNER, ESQ.
Office of Regional General Counsel
Region II
26 Federal Plaza, Rm. 3904
New York, New York 10278
Attorneys for defendant


**REPORT-RECOMMENDATION AND ORDER**[1]

**I. Background**

On February 10, 2015, plaintiff pro se Rochelle Coleman initiated this action on

behalf of her minor daughter, F.B., pursuant to 42 U.S.C. § 405 (g), seeking review of a

---

    [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

decision by the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") benefits for F.B. Dkt. No. 1 ("Compl."). On May 18, 2015, defendant Commissioner of Social Security filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12 (b)(1)(6), arguing that, because plaintiff failed to file the complaint within the sixty-day filing period set forth by 42 U.S.C.§ 405(g), the Court lacks subject matter jurisdiction to entertain this action. Dkt. No. 11. On August 20, 2015, plaintiff filed a response. Dkt. No. 14. On September 9, 2015 defendant filed a reply. Dkt. No. 16.

On June 15, 2016, the undersigned issued a Report-Recommendation and Order recommending that defendant's motion to dismiss be granted. Dkt No. 17. This Court found, among other things, that plaintiff's complaint was untimely filed pursuant to 42 U.S.C.§ 405(g) by one day. Id. The Court further found that equitable tolling did not apply. Id.

On June 28, 2016, plaintiff filed objections to the Report-Recommendation and Order. Dkt. No. 18. Plaintiff did not include any case law or citations to any statutes in the objections. Id. She also failed to address the timeliness matter. Id. On June 30, 2016 defendant filed a response to the objections. Dkt. No. 19.

On November 9, 2016, United States District Judge Brenda K. Sannes issued a Text Order directing the undersigned to conduct an inquiry and to issue a recommendation assessing whether plaintiff pro se has sufficient interest and competence to bring this action on behalf of her daughter without the assistance of an attorney. Dkt. No. 21 (citing Machadio v. Apfel, 276 F. 3d 103 (2d Cir. 2002)). On January 23, 2017, the undersigned conducted a conference on-the-record with plaintiff pro se and defendant to address

plaintiff's interest in bringing this case on behalf of F.B. and her basic competence to act on F.B.'s behalf. Dkt. Entry dated Jan. 23, 2017.

On August 20, 2015, plaintiff filed a response to defendant's motion to dismiss. Dkt. No. 14. Plaintiff contends that she was unable to timely file the complaint as she was given incorrect forms and advice by representatives of the Social Security Administration. Dkt. No. 14 at 3. Plaintiff has repeatedly requested legal assistance but none was provided. Id. at 4. Plaintiff asks the Court to provide justice for F.B., who she described as "the apple of my eye." Id.

## II. Legal Analysis

The Second Circuit has held

> [W]here a district court, after appropriate inquiry into the circumstances of the matter at hand, determines that a non-attorney parent who brings an SSI appeal on behalf of his or her children as a sufficient interest in the case and meets the basic standards of competence, we hold that in such case a non–attorney parent may bring an action on behalf of his or her child without representation by an attorney.

Machadio, 276 F. 3d at 107.

In assessing plaintiff's competence to represent F.B. in this matter, the undersigned reviewed the objections which plaintiff filed to the Report-Recommendation and Order. Dkt. No. 18. In her objections, plaintiff argues that defendant's representatives "have hindered her approval for relief because of their own bias and discriminatory reasons." Id. Plaintiff contends that F.B.'s Fifth, Sixth, Eighth, Thirteenth an Fourteenth Amendment rights have been violated. Id. Plaintiff failed to provide any case law citations or statutory references to support her contentions. Id. The undersigned also reviewed plaintiff's August 20, 2015

response to defendant's motion to dismiss which also lacked any legal or statutory citations. Dkt. No. 14.

At the January 23, 2017 on-the-record conference with plaintiff pro se and counsel for defendant, plaintiff advised the Court that she has attempted to obtain counsel and has never "waived her rights to legal counsel."[2]  T. at 4.   Plaintiff provided that this is the first time she has filed a legal proceeding on behalf of her daughter, F. B.  Id. at 5.  Plaintiff has never received legal training.  Id.  Plaintiff attended, but did not graduate from high school. Id. at 7.  She received her GED in 1996.  Id.  She was last employed outside the home in 2007, when she worked for a "Family Dollar" store.  Id. at 5. Plaintiff resides with her children, F. B. and H.B., who is three years old.  Id. at 7.  H.B. has physical and developmental disabilities.  Id. at 8.

In 2015, plaintiff underwent brain surgery.  T at 5.  She was hospitalized for one week following that surgery.  Id.  Plaintiff continues to see a neurosurgeon regularly for follow-up care.  Id. at 6.   As a result of that brain surgery, plaintiff has memory and speech difficulties.  Id. at 10. In an effort to remember things, she "writes stuff down."  Id.

Here, plaintiff pro se has a sufficient interest in representing her daughter F.B.'s interests.  Although plaintiff has an interest in representing her daughter's interest, the undersigned finds that she lacks the "basic standard of competence" to do so.  Machadio, 276 F. 3d at 107.   Although plaintiff earned a GED, she has never received any formal legal

---

[2] All page references preceded by the letter "T" refer to the transcript of the January 23, 2017 on-the-record court conference the transcript of that court conference is annexed to this Report-Recommendation and Order.

training.  T. at 5.   Plaintiff's response to the motion to dismiss, and  the objections which she filed to the Report-Recommendation and Order, do not address any relevant question on appeal, lack a cogent legal argument, and contain no citation to case or statutory authority.  Given plaintiff's relatively limited education, lack of legal training, and demonstrated unfamiliarity with the issues involved in this litigation, the undersigned is concerned that there may be legal arguments available to F. B. of which plaintiff is unaware.  However, the lack of legal experience alone may not be sufficient to warrant the appointment of counsel in this case.

However, plaintiff's lack of experience and limited education is compounded by the fact that, as a result of the brain surgery which plaintiff underwent in November 2015, plaintiff's ability to recall and follow complex information and complicated arguments appears to have been compromised.   Although plaintiff's surgery took place after the complaint was filed, that surgery has hampered plaintiff's ability to represent F.B.'s interests in this matter.   During the January 23, 2017 conference, plaintiff had difficulty following and responding to the Court's questions.  Given plaintiff's limited education and experience with the legal system, particularly in light of her current limitations following brain surgery, the Court finds that plaintiff, a non-attorney, lacks the basic competence required to represent F.B.'s interests in this matter.

Accordingly, it is recommended that pro bono counsel be appointed to represent F.B. in this matter.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, is hereby

**RECOMMENDED**, that pro bono counsel be appointed to represent F. B. in this matter, and it is

**ORDERED**, that the Clerk of the Court serve a  copy of this Report-Recommendation and Order in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."  N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: April 19, 2017
        Albany, New York

Christian F. Hummel
U.S. Magistrate Judge