UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**ROCHELLE BROOKS,** *formerly known as Rochelle Coleman*, **for F.B.**

       **Plaintiff,**

v.                                                                                          5:15-CV-0148 (BKS/CFH)

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**
_____

**Appearances:**

Steven R. Dolson
The Law Offices of Steven R. Dolson, PLLC
The 100 Clinton Square Building
126 N. Salina St., Suite 3B
Syracuse, NY 13202
*For Plaintiff*

Grant C. Jaquith, United States Attorney
Joshua L. Kershner, Special Assistant United States Attorney
Social Security Administration
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, NY 10278
*For Defendant*

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    BACKGROUND

Rochelle Brooks filed this action on behalf of her daughter F.B. under 42 U.S.C. § 405(g) seeking review of the Commissioner of Social Security's denial of her application for Supplemental Security Income Benefits for F.B. (Dkt. No. 1). The Commissioner filed a motion under Rules 12(b)(1) and 12(b)(6), asserting that the Complaint must be dismissed because it

was untimely. (Dkt. No. 11). This matter was referred to United States Magistrate Judge Christian F. Hummel for a Report-Recommendation. (Dkt. No. 3); Local Rule 73.2(d). On June 15, 2016, after reviewing the parties' motion papers, (Dkt. Nos. 11, 14, 16), Magistrate Judge Hummel issued a Report-Recommendation ("*Report I*"), recommending that the Commissioner's motion to dismiss be granted. (Dkt. No. 17, at 9). Magistrate Judge Hummel advised the parties that under 28 U.S.C. § 636(b)(1), they had "14 days within which to file written objections" to the Report-Recommendation and that "failure to object to th[e] report within 14 days will preclude appellate review." (*Id.*) (citing *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)). Plaintiff filed objections to *Report I* on June 28, 2016, (Dkt. No. 18), and the Commissioner has filed a response to those objections, (Dkt. No. 19).

On November 9, 2016, the undersigned referred this matter to Magistrate Judge Hummel for an inquiry and recommendation as to whether Brooks, "a non-attorney parent who brings this action on behalf of her child, 'has a sufficient interest in the case and meets basic standards of competence' to bring this action 'without representation by an attorney.'" (Dkt. No. 21) (quoting *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002)). On January 23, 2017, Magistrate Judge Hummel conducted a hearing and on April 19, 2017, issued a Report-Recommendation ("*Report II*"), recommending that pro bono counsel be appointed to represent F.B. in this matter. (Dkt. No. 28). The Court adopted the *Report II* in its entirety, appointed counsel, and extended the time for filing objections to *Report I*. (Dkt. Nos. 30, 31, 49, 50, 52, 53). On August 1, 2017 and January 17, 2018, Plaintiff filed a second set of objections and supplemental objections[1] to *Report I*,

---

[1] Plaintiff's first pro bono counsel discovered a conflict after filing objections to *Report I*. (Dkt. Nos. 37, 38, 49). The Court appointed new pro bono counsel and allowed Plaintiff to file supplemental objections. (Dkt. No. 52, 53, 55).

(Dkt. No. 37, 38, 56), and the Commissioner filed a second response. (Dkt. No. 48). For the reasons discussed below, *Report I* is rejected and Defendant's motion to dismiss is denied.

## II.   STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

## III.   DISCUSSION

Magistrate Judge Hummel recommended that the Complaint be dismissed because it was filed one day past the 60-day statute of limitations and Plaintiff had failed to show that the doctrine of equitable tolling was applicable. (Dkt. No. 17, at 9). Plaintiff has objected to that recommendation. (Dkt. Nos. 18, 37, 56). After a de novo review, the Court finds that Magistrate Judge Hummel thoroughly set forth the relevant facts concerning the timing of the SSA's issuance of the Appeals Council decision and Plaintiff's filing of the Complaint, as well as the applicable law governing the timeliness of a complaint under 42 U.S.C. § 405(g) and the doctrine of equitable tolling. Furthermore, the Court agrees with Magistrate Judge Hummel's determination that the Complaint, which Plaintiff filed on February 9, 2016, was filed 61 days after receiving the Appeals Council's denial of review, and thus was one day late. (Dkt. No. 17, at 5). However, in view of Plaintiff's objections, which she filed with the benefit of counsel and which contain factual averments that were not presented to Magistrate Judge Hummel, the Court concludes that, under the doctrine of equitable tolling, the Complaint may be timely and an evidentiary hearing is warranted.

"The sixty-day time limit is not jurisdictional, but rather a statute of limitations." *Kesoglides v. Comm'r of Soc. Sec.*, No. 113-CV-4724 PKC, 2015 WL 1439862, at *2, 2015 U.S. Dist. LEXIS 39921, at *6 (E.D.N.Y. Mar. 27, 2015) (citing *Bowen v. City of New York*, 476 U.S. 467, 478 (1986)). The limitations period, however, is "a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen*, 476 U.S. at 479. "Statute of limitations defenses are affirmative defenses, which normally cannot be decided on a motion to dismiss." *In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 287 (S.D.N.Y. 2009). "However, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Id.* (internal quotation marks omitted). As a statute of limitations, the sixty-day time period is subject to equitable tolling. *Bowen*, 476 U.S. at 480–82.

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that '[s]he has been pursuing h[er] rights diligently' and that 'some extraordinary circumstance stood in h[er] way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Brooks asserts that she has been diligent in pursuing this action and states that, upon receiving the Appeals Council's denial, she contacted the SSA and participated in telephone conferences with the SSA on January 9 and 23, 2015. (Dkt. No. 56-1, at 2). Additionally, during that time period, Brooks contacted a legal services agency to try to obtain representation for her daughter. (*Id.* at 4). Brooks further asserts that she can show extraordinary circumstances prevented her from filing the Complaint on time. (Dkt. No. 56-1, at 6). She avers that during the period following her receipt of the Appeals Council's denial, the residence where she and F.B. lived "was deemed unfit for human habitation due to inadequate heat" and they had "to seek out new shelter," (Dkt. No. 38, ¶ 5), and that she

was "experiencing [her] own health issues related to a large brain tumor/lesion that was subsequently removed in November 2015." (Dkt. No. 38, ¶ 7).

If Brooks' assertions are credited, they may well be sufficient to establish that she was diligently pursuing her daughter's rights from the time she received the Appeals Council's denial, but that she was prevented from timely filing the instant Complaint by an untenable living situation that required moving her family and because of her own serious health issues. *See Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) ("Equitable tolling is generally considered appropriate . . . where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion."); *Rodriguez v. Barnhart*, No. 01-cv-3411, 2002 WL 31875406, at *6, 2002 U.S. Dist. LEXIS 24664, at *21 (S.D.N.Y. Dec. 24, 2002) ("Ms. Rodriguez has offered sufficient evidence to create issues of fact concerning the scope of her incapacity, its effect on her ability to pursue court-based remedies, and the extent of her efforts to comply with the instructions that she received from the Appeals Council."). As the Commissioner has indicated that she has "has numerous responses to Plaintiff's objections and the new evidence and arguments submitted," and seeks additional time to respond, (Dkt. No. 45, at 5), the Court concludes that an evidentiary hearing is warranted.[2] *See Torres*, 417 F.3d at 280 (concluding that the averments in the sworn affidavit that the Social Security claimant submitted

---

[2] The Commissioner argues that the "new evidence" Plaintiff submitted "compels the Court to convert the Motion to Dismiss into a Motion for Summary Judgment." (Dkt. No. 45, at 4); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The Court declines to do so and instead follows the procedure that the Second Circuit outlined in *Torres v. Barnhart*, 417 F.3d 276 (2d Cir. 2005). Moreover, it is a plaintiff's obligation, when "facing a motion to dismiss on statute of limitations grounds . . . to provide the Court with some reason to believe that she might have been incapable of" making a timely filing and that she intends to avail herself of the equitable tolling doctrine. *Mira v. Kingston*, 218 F. Supp. 3d 229, 237 (S.D.N.Y. 2016). Additionally, as Plaintiff was pro se at the time the Complaint was filed and at the time she responded to the motion to dismiss, the Court has considered the additional materials solely for the purpose of determining whether there may be a basis for equitable tolling in this case. *Id.* at 234 ("When the plaintiff is proceeding pro se, however, courts have on occasion considered additional materials submitted by the litigant in opposition to a motion to dismiss." (citing *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987))).

in response to the Commissioner's motion to dismiss "state[d] at least enough to warrant an evidentiary hearing into whether equitable tolling should be invoked"). Accordingly, the Court rejects *Report I*, denies the motion to dismiss, and will schedule an evidentiary hearing on the applicability of the equitable tolling doctrine.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 17) is **rejected**; and it is further

**ORDERED** that the Commissioner's motion to dismiss (Dkt. No. 11) is **denied**.

**IT IS SO ORDERED.**

Dated:  April 2, 2018

Brenda K. Sannes
U.S. District Judge