**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROCHELLE BROOKS,** *formerly*
*known as Rochelle Coleman***, for F.B.**

     **Plaintiff,**

**v.**                **5:15-CV-0148 (BKS/CFH)**

**COMMISSIONER OF SOCIAL SECURITY,**

     **Defendant.**
_____

**Appearances:**

Steven R. Dolson
The Law Offices of Steven R. Dolson, PLLC
The 100 Clinton Square Building
126 N. Salina St., Suite 3B
Syracuse, NY 13202
*For Plaintiff*

Grant C. Jaquith, United States Attorney
Joshua L. Kershner, Special Assistant United States Attorney
Social Security Administration
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, NY 10278
*For Defendant*

**Hon. Brenda K. Sannes, United States District Judge:**

### ORDER APPOINTING GUARDIAN AD LITEM

  Rochelle Brooks filed this action on behalf of her daughter F.B. under 42 U.S.C. § 405(g)

seeking review of the Commissioner of Social Security's denial of her application for

Supplemental Security Income Benefits for F.B. (Dkt. No. 1). On November 9, 2016, the

undersigned referred this matter to United States Magistrate Judge Christian F. Hummel for an

inquiry and recommendation as to whether Ms. Brooks, "a non-attorney parent who brings this action on behalf of her child, 'has a sufficient interest in the case and meets basic standards of competence' to bring this action 'without representation by an attorney.'" (Dkt. No. 21) (quoting *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002)). On January 23, 2017, Magistrate Judge Hummel conducted a hearing and on April 19, 2017, issued a Report-Recommendation, recommending that pro bono counsel be appointed to represent F.B. in this matter. (Dkt. No. 28). The Court adopted the Report-Recommendation in its entirety and appointed counsel. (Dkt. Nos. 30, 31, 49, 50, 52). On April 17, 2018, Ms. Brooks filed a series of documents, some of which indicated that she no longer had physical custody of F.B. (Dkt. No. 58).[1] At a telephone conference on April 30, 2018, in connection with a pending issue regarding the applicability of equitable tolling to the Complaint, (*see* Dkt. No. 57), the attorney for the Commissioner raised the issue of whether Ms. Brooks could continue to serve as F.B.'s representative if she no longer had custody. (*See* Text Minute Entry, Apr. 30, 2018).

On May 8, 2018, the parties, including Ms. Brooks, appeared for an evidentiary hearing on equitable tolling. (*See* Text Minute Entry, May 8, 2018). The parties discussed the custody issue and Commissioner requested that a guardian ad litem be appointed for F.B., which Ms. Brooks opposed. (*Id.*). The Court postponed the evidentiary hearing and directed Plaintiff's counsel to file a status report regarding custody. (*Id.*).

On May 15, 2018, Plaintiff's counsel filed a status report indicating that although F.B. is presently in the protective custody of the county, the family court had not terminated Ms. Brooks' parental rights and she retained "legal custody." (Dkt. No. 60, at 1). Plaintiff's counsel, acknowledging that he is the appointed attorney for F.B., and that his ethical obligations are to

---

[1] The Court entered an order striking these documents on the ground that all communications with the Court must be through the attorney of record. (Dkt. No. 59).

her, stated that he believes "that the appointment of a guardian ad litem at this point in the litigation would not serve any useful purpose." (Dkt. No. 60, at 2). In a response, the Commissioner requested that Ms. Brooks "be excised from the case and a representative beholden solely to F.B. should be appointed, a guardian *ad litem*—one without the additional complications of simultaneously representing Ms. Brooks, as Plaintiff, with possibly competing interests." (Dkt. No. 62, at 2).

In general, parents have the authority to sue on behalf of their children. Fed. R. Civ. P. 17(1)(1). However, federal courts "have repeatedly affirmed a court's power to determine that the interests of a child or incompetent will be best represented by a 'next friend' or guardian ad litem and not by an authorized representative such as a parent or general guardian." *Ad Hoc Comm. of Concerned Teachers v. Greenburgh # 11 Union Free Sch. Dist.*, 873 F.2d 25, 30 (2d Cir. 1989). Rule 17(c)(2) of the Federal Rules of Civil Procedure states:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Second Circuit has explained that "Rule 17(c) has always been viewed as permissive and not mandatory" and that "[i]t gives a federal court power to authorize someone other than a lawful representative to sue on behalf of an infant or incompetent person where that representative is unable, unwilling or refuses to act or has interests which conflict with those of the infant or incompetent." *Greenburgh # 11 Union Free Sch. Dist.*, 873 F.2d at 29–30 (citing 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1570; 3A J. Moore & J. Lucas, Moore's Federal Practice, ¶ 17.26 (2d Ed. 1987)).

Even assuming, as Plaintiff's counsel asserts, that Ms. Brooks has legal custody,[2] it is evident from the family court order and representations to the Court, that, at present, Ms. Brooks' interests conflict with those of the minor Plaintiff. (Dkt. No. 60-1). Thus, the Court concludes that that the appointment of a guardian ad litem under Fed. R. Civ. P. 17(c) to protect the interests of the subject minor is warranted in this case. Accordingly, the Court hereby appoints Suzanne Galbato, Esq., as pro bono guardian ad litem for the subject minor during the pendency of this action.

Any request made by the pro bono guardian ad litem for reimbursement of expenses upon the conclusion of this case shall be made upon application to the Court pursuant to Local Rule 83.3(g) on the attached form and filed on the Court's electronic filing system.

The Clerk of the Court is directed to modify the caption as follows: F.B., a minor, by Suzanne Galbato, Esq. as guardian ad litem, Plaintiff.

**IT IS SO ORDERED.**

Dated:  June 21, 2018

Brenda K. Sannes
U.S. District Judge

---

[2] In *Debruyne v. Clay*, No. 94 CIV. 4704 (JSM), 1995 WL 51134, at *2, 1995 U.S. Dist. LEXIS 1499, at *6–7 (S.D.N.Y. Feb. 8, 1995), the court observed that even though the parent did not have physical custody, the state court order may have given him "enough power over the plaintiffs' possessions to qualify him as a 'guardian of the property' under § 1201, and thus as a 'representative' under Rule 17(c)." (quoting N.Y. C.P.L.R. § 1201); *but see Otero on Behalf of Otero v. State,* 159 Misc. 2d 35, 36, (Ct. Cl. 1993) (holding that because the father did have physical custody of the minor child, he did "not have legal custody for the purposes of CPLR 1201.").

4

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

PRO BONO FUND VOUCHER
AND REQUEST FOR REIMBURSEMENT

I, _____, duly appointed as counsel pro bono to

represent _____ in the matter of

_____ v. _____

Civil Action No. ____-CV-_____, hereby request reimbursement pursuant to Local Rule 83.3

for expenses incurred in the representation of my pro bono client in the amount of $

_____.

I certify that the expenses, a detailed copy of which are attached hereto, are reasonable

and necessary. I further understand that absent prior approval of the court, cumulative expenses

in this matter will not exceed $2,000.00.

Dated: _____

Counsel Pro Bono (Signature): _____

The above application of counsel pro bono is fair and reasonable and payment is
requested from the Northern District of New York's Pro Bono Fund.

Dated: _____

Presiding Judge (Signature): _____

**IT IS SO ORDERED.**

Dated: _____

_____
Chief U.S. District Judge

3